■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY C. BRYANT, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered May 5, 1981, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

On this appeal defendant contends that his plea of guilty should be vacated because his admission of guilt indicated that he was intoxicated at the time of the commission of the crime and that, therefore, a defense of intoxication may have been available to him. Having failed to either move to withdraw the plea on this ground prior to the imposition of sentence or to move to vacate the judgment pursuant to CPL 440.10, defendant has not preserved for appellate review the issue of the plea allocution's sufficiency (see *People v Pellegrino,* 60 NY2d 636). Moreover, were we to review this issue in the interest of justice, vacatur would not be required because defendant's recital of the circumstances of the commission of the crime clearly spelled out the crime of manslaughter in the first degree (see *People v Serrano,* 15 NY2d 304), and the allocution satisfied the basic requirements of *People v Harris* (61 NY2d 9). Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARRASQUILLO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered June 22, 1981, convicting him of murder in the second degree, robbery in the first degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's argument that the charge contained errors was not advanced before Criminal Term, and thus has not been preserved for appellate review (*People v Hoke,* 62 NY2d 1022). We have considered such other contentions of defendant as have been preserved and find them to be without merit. Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.