■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK SHARLOW, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered July 20, 1983, convicting him of attempted robbery

in the second degree, upon his plea of guilty, and sentencing him as a second violent felony offender to an indeterminate term of imprisonment of 2 years and 9 months to 5½ years.

Judgment affirmed.

The claims raised by defendant as to the legal sufficiency of the plea allocution are unpreserved for review (see, CPL 470.05 [2]; People v Pellegrino, 60 NY2d 636). In any event, the plea allocution was satisfactory as all the elements of attempted robbery in the second degree were established. Furthermore, defendant failed to present substantial evidence to overcome the presumption of the validity and regularity of his previous violent felony conviction which was entered upon his guilty plea, and, therefore, he was properly sentenced as a second violent felony offender (see, People v Harris, 61 NY2d 9).

Defendant also contends that the promised sentence of 2½ to 5 years was not imposed and that he was not given an opportunity to withdraw his plea. Defendant was fully advised that the promised sentence would be enhanced if he failed to appear on "April 15th or any date that may be fixed thereafter". Defendant failed to appear on the adjourned date, and a bench warrant was issued on June 3. His proffered explanation at sentencing in July was an unsubstantiated claim of amnesia. Under the circumstances, we do not find the sentence imposed either a violation of the plea agreement or excessive (cf. People v Kazepis, 101 AD2d 816; People v Davis, 106 AD2d 657, 658). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.