■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT BETHENY, Also Known as RICK MARTIN, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Brennan, J.), rendered December 6, 1983, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the defendant was properly sentenced in accordance with the plea agreement. He was advised that a sentence of up to seven years would be imposed if he failed to appear on the scheduled sentencing date. When the defendant failed to appear, a bench warrant was issued and he was subsequently arrested. Under the circumstances, the sentence imposed was neither a violation of the plea agreement nor excessive *(see, People v Sharlow,* 116 AD2d 603, 604; *People v McDaniels,* 111 AD2d 876; *People v Bell,* 110 AD2d 902; *People v Kazepis,* 101 AD2d 816).

The defendant's contention that the court improperly accepted the guilty plea without further inquiry concerning the defendant's statement that he was "a little drunk" during the commission of the crime is not preserved for appellate review in that the defendant had never moved to vacate his plea on this ground *(see, People v Pellegrino,* 60 NY2d 636; *People v Bryant,* 107 AD2d 817). In any event, the defendant gave a detailed recitation of the circumstances of the crime which made out all the elements of attempted burglary in the second degree. Accordingly, the guilty plea was properly accepted *(see, People v Harris,* 61 NY2d 9; *People v Bryant, supra).*

Finally, the defendant was properly adjudicated a second felony offender. He admitted that he was the individual listed

in the second felony offender statement and did not raise a constitutional challenge to the prior conviction (see, CPL 400.21). The defendant's vague statement that a misdemeanor was "authorized" was an insufficient ground for a hearing in light of his admission that a "felony conviction happened". Thus, there is no basis for disturbing the sentence. Mangano, J. P., Bracken, Spatt and Sullivan, JJ., concur.