■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBRA IVORY, Also Known as DEBORAH CARTER, Appellant.— Appeal by the defendant from two judgments of the Supreme Court, Queens County (Naro, J.), both rendered January 11, 1989, convicting her of criminal sale of a controlled substance in the third degree (two counts; one as to each indictment), upon her pleas of guilty, and imposing sentences.

Ordered that the judgment under indictment No. 8805/87 is affirmed; and it is further,

Ordered that the judgment under indictment No. 11379/88 is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed thereon from an indeterminate term of 7 to 14 years' imprisonment to an indeterminate term of 5 to 10 years' imprisonment; as so modified, the judgment under indictment No. 11379/88 is affirmed.

The court's imposition of a longer sentence on indictment No. 11379/88 was consistent with the plea agreement. The court conditioned the agreement on the defendant's appearance at the originally scheduled sentencing, which condition was violated by the defendant. Under the circumstances, the sentence imposed was not a violation of the plea agreement (see, *People v Betheny*, 147 AD2d 488; *People v Sharlow*, 116 AD2d 603, 604). However, we find that the sentence imposed on that indictment was unduly harsh under the circumstances and reduce it, in the interest of justice, to an indeterminate term of 5 to 10 years' imprisonment. As previously indicated

by the sentencing court, the sentences are to run concurrently. We are satisfied that the reduced sentence is adequate to achieve the legitimate goals of sentencing *(see, People v Orr,* 138 AD2d 416).

The defendant's claim of ineffective assistance of counsel is based on matters dehors the record and may not be raised on direct appeal from the judgments *(see, People v Mosca,* 131 AD2d 704). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.