*763
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division dismissing the appeal to that Court should be reversed and the case remitted to that Court for the entry of the appropriate dispositional order.
 

 Defendant’s plea allocution demonstrates a voluntary and intelligent waiver of her right to appeal from any and all rulings made by the trial court in connection with her case, including the negotiated sentence, which the court ultimately imposed
 
 (see, People v Moissett,
 
 76 NY2d 909). Taken in context, the court’s statements that defendant was waiving her right to appeal from "anything that has happened up to this point” cannot be viewed as a limitation on the scope of defendant’s waiver, but rather as an indication that the waiver was intended to be all encompassing. Accordingly, there was no legal error in the Appellate Division’s refusal to consider defendant’s appellate claims regarding the purported excessiveness of her sentence
 
 (cf., People v Seaberg,
 
 74 NY2d 1, 9 [a defendant may not effectively waive the right to appeal the
 
 legality
 
 of the sentence]).
 

 However, the appropriate disposition in such instances is an affirmance of the judgment and sentence, not dismissal of the appeal
 
 (People v Callahan,
 
 80 NY2d 273, 285).
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur; Judge Levine taking no part.
 

 Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.