◼ In the Matter of ABRAHAM K. MUNABI, Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant. [606 NYS2d 119] —Judgment unanimously affirmed without costs. Memorandum: Petitioner was a Research Assistant Professor in the Department of Gynecology-Obstetrics at the State University of New York at Buffalo School of Medicine from 1984 through 1987. On March 21, 1985, he performed a laparoscopy on a patient at the Children's Hospital of Buffalo. As a result of injuries sustained during the procedure, that patient brought a malpractice action against petitioner. Petitioner sought representation by the State pursuant to Public Officers Law § 17, and his request was denied. He then commenced this CPLR article 78 proceeding to compel the State to provide a defense in the malpractice action.

Supreme Court properly granted the petition. Petitioner was engaged in both patient care and teaching duties during the procedure on March 21, 1985 and was acting within the course of his State employment during it. He is entitled, therefore, to a defense and indemnification pursuant to Public Officers Law § 17 (see, Frontier Ins. Co. v State of New York, 172 AD2d 13).

This article 78 proceeding was timely commenced within four months of respondent's denial of petitioner's request for representation pursuant to Public Officers Law § 17. The Attorney-General's letter to petitioner, dated March 4, 1986, predated a request for representation and acknowledged unresolved questions regarding the application of the statute. We conclude that the determination was not final and binding until the Attorney-General's letter of June 9, 1988 (see, Matter of Edmead v McGuire, 67 NY2d 714, 716).

The 1992 amendment to Public Officers Law § 17 does not apply to this case. That amendment states that the provisions of section 17 shall not apply to physicians, such as petitioner at the time of the alleged malpractice, who are engaged in clinical practice pursuant to a faculty practice plan. That amendment was deemed by the Legislature to apply retroactively to July 1, 1991 (see, Historical Notes, McKinney's Cons Laws of NY, Book 46, Public Officers Law § 17, 1994 Pocket Part, at 9). Here, the alleged malpractice occurred in 1985 and

the malpractice action was brought that year, this proceeding was brought in 1988, and judgment was entered in 1991, predating the amendment. While it is the general rule that an appellate court applies the law as it exists at the time it renders its decision (see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre, 64 NY2d 921), application of the 1992 amendment to this case would result in retroactive application beyond that contemplated by the Legislature and in derogation of legislative intent to the contrary. (Appeal from Judgment of Supreme Court, Erie County, Gossel, J.—Article 78.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ. [As amended by unpublished order entered Feb. 4, 1994.]