■ In the Matter of CHRISTINE B., a Child Alleged to be Abused and/or Neglected. DELPHINE B. et al., Appellants; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [614 NYS2d 961] —Order unanimously affirmed without costs. Memorandum: Although the court should not have drawn an inference against respondents from their failure to call the paternal grandmother as a witness in the absence of a request to do so and a proper showing (see, People v Fields, 76 NY2d 761, 763), reversal is not warranted. The expert testimony supports the court's conclusion that a prima facie case of abuse was proved (see, Family Ct Act § 1046 [a] [ii]), and that respondents failed to provide a reasonable alternative explanation for the infant's injuries. (Appeals from Order of Erie County Family Court, O'Donnell, J.—Abuse and Neglect.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SEELEY, Appellant. [613 NYS2d 103] —Judgment unanimously affirmed. Memorandum: Defendant's original attorney notified the District Attorney on August 5, 1991 that defendant's prior request to testify before the Grand Jury was withdrawn. Defendant's subsequent attorney, who represented defendant at arraignment on September 4, 1991, made no application to dismiss the indictment on the ground that defendant had been denied his right to testify before the Grand Jury. Under the circumstances, the court properly denied defendant's untimely pro se motion, made on January 30, 1992, to dismiss the indictment on that ground (see, People v Sumpter, 178 AD2d 973, lv denied 80 NY2d 896).

The vague statements of defendant that his prior conviction for attempted burglary "was no burglary" and "should have been a * * * trespassing" were insufficient grounds for a hearing on the constitutionality of the prior conviction (see, People v Betheny, 147 AD2d 488). Defendant's argument concerning the court's inquiry whether prospective jurors had any opinion regarding defendant's guilt or innocence has not been properly preserved for review (see, CPL 470.05 [2]), and we decline to address it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Livingston County Court, Sirkin, J.—Rape, 1st Degree.) Present—Denman, P. J., Fallon, Wesley, Davis and Boehm, JJ.