■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK FRANCOIS, Appellant. [620 NYS2d 258] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Cohen, J.), rendered August 5, 1992, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 14061/90, upon his plea of guilty, and imposing sentence, (2) a judgment of the same court, also rendered August 5, 1992, convicting him of assault in the first degree under Indictment No. 5384/91, upon his plea of guilty, and imposing sentence, (3) a judgment of the same court, rendered June 16, 1987, convicting him of criminal possession of a weapon in the third degree under Indictment No. 3705/85, upon his plea of guilty, and imposing sentence, and (4) an amended judgment of the same court, rendered August 5, 1992, revoking the sentence of probation previously imposed under Indictment No. 3705/85, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree.

Ordered that the judgments and the amended judgment are affirmed.

Contrary to the defendant's contention, the record demonstrates that the Supreme Court engaged in painstaking efforts to ensure that the defendant's multiple oral and written waivers of the right to appeal with regard to the judgment and amended judgment under Indictment No. 3705/85 were knowing, voluntary, and intelligent (see, e.g., People v Allen, 82 NY2d 761; People v Moissett, 76 NY2d 909; People v Brown, 208 AD2d 762). Moreover, as the defendant concedes, his waivers of the right to appeal with respect to the two subsequent indictments were entirely valid. Accordingly, appellate review of the issues raised by the defendant was effectively waived by him as part of his plea agreements (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1). Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.