■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE LOPEZ, Appellant. [622 NYS2d 406] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of rape in the first degree and sexual abuse in the first degree, defendant contends that his guilty plea is invalid because it was involuntary and the product of ineffec-

tive assistance of counsel. We disagree. The record establishes that defendant's plea was entered knowingly, intelligently and voluntarily *(see, People v Fiumefreddo,* 82 NY2d 536, 543). During the plea allocution, defendant stated that no one "was forcing" him to plead guilty. He denied that any promises or threats were made to induce the plea. Furthermore, there is no showing that defense counsel's conduct affected the plea bargaining process or that defendant entered his plea because of defense counsel's alleged ineffective assistance *(see, People v Wood,* 207 AD2d 1001; *People v Bethany,* 182 AD2d 1084, *lv denied* 80 NY2d 828).

Defendant failed to preserve for review his challenge to the factual sufficiency of the plea allocution *(see, People v Lopez,* 71 NY2d 662, 665). In any event, it lacks merit.

Finally, as part of his plea bargain, defendant knowingly, intelligently and voluntarily waived his right to appeal. That waiver encompassed the challenges by defendant to his sentence *(see, People v Allen,* 82 NY2d 761, 763; *People v Griggs,* 199 AD2d 1073, *lv denied* 83 NY2d 853). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.