THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TIRADO, Appellant. (Appeal No. 1.) [627 NYS2d 504] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of attempted sodomy in the first degree, attempted sexual abuse in the first degree and sexual abuse in the third degree, defendant contends that Supreme Court erred in denying his motion to withdraw his plea. We reject his contention that, because he did not understand the meaning of the term "forcible compulsion", his plea

was not knowingly and intentionally entered. With respect to sexual abuse in the third degree, forcible compulsion is not an element of that crime *(see,* Penal Law § 130.55). With respect to the remaining crimes, the record establishes that, although defendant denied using or threatening the use of a weapon, he understood that the term "forcible compulsion" included physical force. Based upon the court's extensive colloquy, we conclude that defendant's plea was entered knowingly, intelligently and voluntarily *(see, People v Lopez,* 212 AD2d 1053).

In addition, we note that defendant's plea to attempted sexual abuse in the first degree was in satisfaction of a charge of sexual abuse in the first degree. When a plea is taken to a crime lesser than that charged in the indictment, a factual colloquy is not required *(see, People v Gould,* 207 AD2d 989, *lv denied* 84 NY2d 1032).

As part of his plea bargain, defendant knowingly, intelligently and voluntarily waived his right to appeal. That waiver encompassed defendant's challenges to the sentence *(see, People v Allen,* 82 NY2d 761, 763; *People v Griggs,* 199 AD2d 1073, *lv denied* 83 NY2d 853). In any event, those challenges lack merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Sodomy, 1st Degree.) Present —Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.