■ In the Matter of ROBERT J. WOEPPEL et al., as Coexecutors of CHARLES J. WOEPPEL, Deceased, Respondents, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant. [628 NYS2d 918] —Amended judgment unanimously affirmed without costs. Memorandum: Laureen Fortunato commenced a medical malpractice action for alleged negligent treatment provided during August 1986 by petitioners' decedent, Charles J. Woeppel, M.D. Because Woeppel was engaged in patient care and teaching duties during that treatment and was acting within the course of his State employment, he was entitled to a defense and indemnification by the State pursuant to Public Officers Law § 17. Thus, Supreme Court properly granted summary judgment in favor of petitioners (see, Matter of Munabi v Abrams, 199 AD2d 1037; Frontier Ins. Co. v State of New York, 172 AD2d 13).

We conclude that the 1992 amendment to Public Officers Law § 17 cannot be applied to the underlying malpractice action, which was commenced in 1988. Such application "would result in retroactive application beyond that contemplated by the Legislature and in derogation of legislative intent to the contrary" (Matter of Munabi v Abrams, supra, at 1038).

We reject the contention that the court acted prematurely in declaring that the State must indemnify petitioners for any judgment or settlement in the underlying action. There are no material issues of fact affecting the duty to indemnify left for resolution at trial. (Appeal from Amended Judgment of Supreme Court, Erie County, Wolf, Jr., J.—CPLR art 78.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE MITCHELL, Appellant. [629 NYS2d 711] —Judgment unanimously affirmed. Memorandum: The record establishes that defendant made a voluntary, knowing and intelligent waiver of his right to appeal (see, People v Moissett, 76 NY2d 909; People v Underwood, 210 AD2d 994; People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). That waiver encompassed the contention of defendant regarding the purported excessiveness of his sentence (see, People v Allen, 82 NY2d 761, 763; People v Griggs, 199 AD2d 1073, lv denied 83 NY2d 853; People v Callens, 199 AD2d 992, lv denied 83 NY2d 869). (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.