■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ZIMMERMAN, Appellant. [631 NYS2d 951] —Judgment unanimously affirmed. Memorandum: The record establishes that defendant made a voluntary, knowing and intelligent waiver of his right to appeal *(see, People v Callahan,* 80 NY2d 273; *People v Streicher,* 217 AD2d 947). That waiver encompassed defendant's challenges to the factual sufficiency of the plea allocution *(see, People v Cooper,* 191 AD2d 1046) and the excessiveness of the sentence *(see, People v Allen,* 82 NY2d 761, 763; *People v Chandler,* 214 AD2d 1027). Moreover, where, as here, defendant pleads guilty "to a crime lesser than that charged in the indictment, a factual colloquy is not required" *(People v Tirado,* 214 AD2d 1044, 1045; *see, People v Clairborne,* 29 NY2d 950, 951; *People v Gould,* 207 AD2d 989, *lv denied* 84 NY2d 1032). Furthermore, even assuming, arguendo, that a factual colloquy were required, we would conclude that defendant's factual recitation was sufficient and that defen-

dant's plea was entered voluntarily, knowingly and intelligently *(see, People v Moissett,* 76 NY2d 909). Contrary to the assertion of defendant, the record establishes that defendant acknowledged that he intended to injure the victim seriously when he repeatedly struck her. (Appeal from Judgment of Niagara County Court, Fricano, J.—Manslaughter, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.