■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. HARRIS, Appellant. [649 NYS2d 584] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction, upon a plea of guilty, of one count of sexual abuse in the first degree, in satisfaction of an indictment charging defendant with rape in the first degree and other offenses. The challenge by defendant to the voluntariness of his plea is in effect a challenge to the sufficiency of the colloquy with respect to the element of forcible compulsion. Defendant's waiver of the right to appeal encompasses defendant's challenges to the factual sufficiency of the plea allocution (*see, People v Zimmerman*, 219 AD2d 848, *lv denied* 88 NY2d 856; *People v Cooper*, 191 AD2d 1046) and to the sentence as unduly harsh and severe (*see, People v Allen*, 82 NY2d 761, 763). In addition, because defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant has failed to preserve for appellate review his challenge to the factual sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665; *People v Ayala*, 226 AD2d 1127, *lv denied* 88 NY2d 964). "This is not one of those 'rare cases' in which 'defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt' " (*People v Ayala, supra*, at 1128, quoting *People v Lopez, supra*, at 666). In any event, where, as here, defendant pleads guilty to a crime less than that charged in the indictment, a factual colloquy is not required (*see, People v Zimmerman, supra; People v Tirado*, 214 AD2d 1044, 1045).

We reject defendant's contention that resentencing is required because a second felony offender statement was not filed prior to sentencing. By admitting the prior felony conviction in open court, defendant waived strict compliance with CPL 400.21 (*see, People v Stephens*, 193 AD2d 1087, *lv denied* 82 NY2d 727; *People v Diomede*, 185 AD2d 709, *lv denied* 80 NY2d 928). The statement of defendant that he had a reason to buy the weapon that was the subject of the prior conviction does not call into question the constitutionality of the prior conviction (*see, People v Seeley*, 204 AD2d 1041, *lv denied* 84 NY2d 872; *People v Betheny*, 147 AD2d 488).

The contention that defendant was denied effective assistance of counsel is without merit (*see, People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Sexual Abuse, 1st Degree.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ.