■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIOUS G. PAUL, Appellant. [670 NYS2d 153] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his guilty plea was not knowing and voluntary. Moreover, because defendant did not move to withdraw the plea or to vacate the judgment of conviction, his contention that the plea allocution was insufficient has not been preserved for our review (*see, People v Lopez,* 71 NY2d 662, 665-668; *People v Pellegrino,* 60 NY2d 636, 637). This is not one of those "rare case[s]" in which defendant's recitation of the facts underlying the crime "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez, supra,* at 666). We further conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Robbery, 2nd Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE W. SWAN, JR., Appellant. [670 NYS2d 155] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]), defendant contends that County Court erred in permitting the prosecutor at the close of proof to amend the indictment to charge that the offense occurred in a parking lot rather than on a highway (*see,* CPL 200.70 [1]). By failing to object to the amendment, however, defendant failed to preserve his contention for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Onondaga County Court, Burke, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.