■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIANO DEJESUS, Appellant. [670 NYS2d 140] —Judgment unanimously affirmed. Memorandum: The record establishes that defendant made a voluntary, knowing and intelligent waiver of the right to appeal (see, People v Zimmerman, 219 AD2d 848, lv denied 88 NY2d 856; People v DeLuna, 193 AD2d 466, lv denied 81 NY2d 1072). That waiver encompasses defendant's challenge to the factual sufficiency of the plea allocution (see, People v Zimmerman, supra; People v Cooper, 191 AD2d 1046). The contention that defendant did not voluntarily, knowingly and intelligently enter his guilty plea survives his waiver of the right to appeal (see, People v Seaberg, 74 NY2d 1, 10; People v Francabandera, 33 NY2d 429, 434, n 2), but defendant failed to preserve that contention for our review by moving to withdraw his plea or vacate the judgment of conviction (see, People v Sparrow, 222 AD2d 1114, lv denied 87 NY2d 977). Because defendant's statements at the plea allocution do not engender significant doubt with regard to the voluntariness of the plea, the "allocution does not qualify for the narrow, 'rare case' exception to the preservation doctrine described in People v Lopez (71 NY2d 662, 666)" (People v Toxey, 86 NY2d 725, 726, rearg denied 86 NY2d 839; see, People v Paul, 248 AD2d 1010 [decided herewith]). We decline to exercise our power to address defendant's contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Green, J. P., Pine, Lawton, Hayes and Wisner, JJ.