■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANTINO VALLEJO, Appellant. [690 NYS2d 374] —Judgment unanimously affirmed. Memorandum: The record establishes that defendant voluntarily, knowingly and intelligently waived the right to appeal (*see, People v DeJesus,* 248 AD2d 1023, *lv denied* 92 NY2d 879; *People v Zimmerman,* 219 AD2d 848, *lv denied* 88 NY2d 856). That waiver encompasses defendant's challenge to the factual sufficiency of the plea allocution (*see, People v DeJesus, supra; People v Harris,* 233 AD2d 959, *lv denied* 89 NY2d 1094; *People v Zimmerman, supra*).

The contention of defendant that his plea was not voluntarily, knowingly and intelligently entered survives his waiver of the right to appeal, but defendant failed to preserve that contention for our review by moving to withdraw his plea or vacate the judgment of conviction (*see, People v DeJesus, supra; People v Sparrow,* 222 AD2d 1114, *lv denied* 87 NY2d 977). "Because defendant's statements at the plea allocution do not engender significant doubt with regard to the voluntariness of the plea, the 'allocution does not qualify for the narrow, "rare case" exception to the preservation doctrine described in *People v Lopez* (71 NY2d 662, 666)' " (*People v DeJesus, supra,* at 1023).

In addition, because County Court specifically referred to defendant's waiver of its suppression rulings as part of

defendant's waiver of the right to appeal, defendant waived his right pursuant to CPL 710.70 (2) to seek review of those rulings (*see, People v Collier,* 232 AD2d 878, *lv denied* 89 NY2d 863; *see also, People v Hicks,* 254 AD2d 48, *lv denied* 92 NY2d 1033; *cf., People v Woody,* 240 AD2d 770, *lv denied* 90 NY2d 912).

The valid waiver by defendant of his right to appeal also encompasses his contention that his sentence is unduly harsh or severe (*see, People v Hidalgo,* 91 NY2d 733, 737; *see also, People v Lococo,* 92 NY2d 825). In any event, we decline to modify a sentence that defendant freely bargained for and received. (Appeal from Judgment of Orleans County Court, Punch, J.— Manslaughter, 1st Degree.) Present—Denman, P. J., Green, Pine, Scudder and Balio, JJ.