▮▮▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYDELL C. DILLARD, Appellant. [693 NYS2d 360] —Judgment unanimously affirmed. Memorandum: Supreme Court properly advised defendant of the consequences of his plea of guilty to the reduced charge of robbery in the second degree (Penal Law § 160.10), and defendant entered a knowing, voluntary and intelligent plea of guilty (*see, People v Murray,* 207 AD2d 999, 1000, *lv denied* 84 NY2d 1014). The court did not abuse its discretion in denying defendant's motion to withdraw the plea. The court provided defendant a reasonable opportunity, through counsel, to advance his claims in support of the motion (*see, People v Frederick,* 45 NY2d 520, 525; *People v Murray, supra,* at 999-1000). Because defendant moved to withdraw the plea prior to sentencing (*see,* CPL 220.60 [3]), his contention concerning the adequacy of the plea allocution is preserved for our review (*see, People v Lopez,* 71 NY2d 662, 665). However, defendant pleaded guilty to a reduced charge, and thus no factual colloquy was required (*see, People v Zimmerman,* 219 AD2d 848, *lv denied* 88 NY2d 856; *People v Tirado,*

214 AD2d 1044, 1044-1045). Finally, we reject the contention that defendant was denied effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford,* 86 NY2d 397, 404). (Appeal from Judgment of Supreme Court, Herkimer County, Kirk, J.—Robbery, 2nd Degree.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.