THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ROOT, Appellant. [701 NYS2d 227] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was convicted upon his plea of guilty of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). Defendant's challenge to the factual sufficiency of the plea allocution is not preserved for our review because defendant failed to move to vacate the plea of guilty or to vacate the judgment of conviction (*see, People v Lopez,* 71 NY2d 662, 665). However, with respect to the conviction of aggravated unlicensed operation, we conclude that this is one of those rare cases in which defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding the absence of a formal postallocution motion (*see, People v Lopez, supra,* at 666). During the allocution, defendant denied that his ability to operate the motor vehicle was impaired by alcohol, thereby negating an element of the crime (*see,* Vehicle and Traffic Law § 511 [3]). Although the court made the proper inquiry with respect to the charge of driving while intoxicated and permitted defendant to enter an *Alford* plea (*see, North Carolina v Alford,* 400 US 25) on the element of intoxication, the court erred in accepting the plea of guilty to aggravated unlicensed operation of a motor vehicle without further inquiry when defendant denied an essential element of the crime (*see, People v Lopez, supra,* at 666).

In any event, we conclude that count two of the indictment charging defendant with aggravated unlicensed operation must be dismissed as legally insufficient. Although the special information indicated that defendant was convicted in 1984 of driv-

ing while intoxicated, defendant proved that he was previously convicted of driving while ability impaired. As a result of the 1984 conviction, defendant's driver's license was suspended for a 90-day period (*see,* Vehicle and Traffic Law § 1193 [2] [a] [1]). By operation of law, the suspension was no longer in effect at the time of defendant's arrest, thereby requiring dismissal of that count as legally insufficient. We modify the judgment, therefore, by reversing the conviction under count two of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment. (Appeal from Judgment of Genesee County Court, Noonan, J.—Driving While Intoxicated.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.