without making further inquiry (*see, People v Lopez,* 71 NY2d 662, 666). Furthermore, the contention of defendant that he was denied effective assistance of appellate counsel is premature and should be raised in a common-law coram nobis proceeding brought in this Court (*see, People v Bachert,* 69 NY2d 593, 595-596; *People v Pike,* 254 AD2d 727, 729). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. MARTINEZ, Appellant. (Appeal No. 1.) [706 NYS2d 649] —Judgment unanimously affirmed. Memorandum: Although the contention of defendant that his guilty plea was not voluntarily, knowingly and intelligently entered survives his waiver of the right to appeal, defendant failed to preserve that contention for our review by moving to withdraw his plea or vacate the judgment of conviction (*see, People v Vallejo,* 261 AD2d 962, *lv denied* 93 NY2d 1029). Nor did defendant's statements during the plea allocution engender significant doubt with regard to the voluntariness of the plea to render the preservation doctrine inapplicable (*see, People v Toxey,* 86 NY2d 725, 726, *rearg denied* 86 NY2d 839). The sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, DiTullio, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. MARTINEZ, Appellant. (Appeal No. 2.) [706 NYS2d 650] —Judgment unanimously affirmed. Same Memorandum as in *People v Martinez* (270 AD2d 891 [decided herewith]). (Appeal from Judgment of Erie County Court, DiTullio, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL HINDS, Appellant. [705 NYS2d 463] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and unauthorized use of a vehicle in the first degree (Penal Law § 165.08). The prosecutor's peremptory challenge to a black prospective juror did not violate defendant's constitutional right to equal protection under *Batson v Kentucky* (476 US 79). The prosecutor explained that he challenged the juror because he was an unemployed student with no significant employment history.