■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS L. COTTON, Appellant. [711 NYS2d 816] —Judgment unanimously affirmed. Memorandum: Having failed to move to withdraw his plea of guilty or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665; *People v Root*, 267 AD2d 1103). "In any event, where, as here, defendant pleads guilty to a crime less than that charged in the [accusatory instrument], a factual colloquy is not required" (*People v Harris*, 233 AD2d 959, *lv denied* 89 NY2d 1094; *see, People v Moore*, 71 NY2d 1002, 1006; *People v Gray*, 190 AD2d 918, *lv denied* 81 NY2d 1073). We reject the further contention that defendant was denied effective assistance of counsel because his attorney failed to move to withdraw the plea. Defendant waived indictment, was allowed to plead to an attempt to commit the crime charged in the superior court information and received the minimum lawful sentence. Defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Attempted Sexual Abuse, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN J. RIALE, Appellant. (Appeal No. 1.) [711 NYS2d 654] —Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: County Court erred in denying defendant's *Sandoval* motion with respect to a prior forgery conviction on the ground that defendant "waived" or "forfeited" that motion by asserting an agency defense. The record establishes that defendant never asserted an agency defense. In any event, that defense has no application to the crimes of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), grand larceny in the third degree (Penal Law § 155.35) and grand larceny in the fourth degree (Penal Law § 155.30 [1]), which are charged herein (*see, People v Andujas*, 79 NY2d 113, 117). (Appeal from Judgment of Onondaga County Court, Hafner, Jr., J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.