■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT COOPER, Appellant. [722 NYS2d 202] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: Supreme Court did not abuse its discretion in denying the motion of defendant to withdraw his plea of guilty (*see,* CPL 220.60 [3]; *People v Muccigrosso,* 269 AD2d 754, *lv denied* 95 NY2d 800; *People v Peavy,* 225 AD2d 1082, 1083, *lv denied* 88 NY2d 883). In moving to withdraw the plea, defendant contended that it was coerced as a result of erroneous and misleading information provided by his attorney. After conducting an evidentiary hearing at which defendant was represented by new assigned counsel, the court found the testimony of defendant's former attorney to be credible and determined that he had given defendant sound professional advice that was couched in terms of alternatives. Much weight must be accorded the determination of the hearing court with its peculiar advantage of having seen and heard the witnesses (*see, People v Prochilo,* 41 NY2d 759, 761). The record fully supports the court's determination that defendant's plea was not coerced.

The record further establishes that defendant knowingly, intelligently and voluntarily waived the right to appeal (*see, People v Seaberg,* 74 NY2d 1, 11; *People v Vallejo,* 261 AD2d 962, *lv denied* 93 NY2d 1029). In addition, as part of the waiver of the right to appeal, defendant expressly waived the right to appeal from the court's suppression rulings, thereby waiving the right pursuant to CPL 710.70 (2) to seek review of those

rulings (*see, People v Williams*, 36 NY2d 829, *cert denied* 423 US 873; *People v Vallejo, supra,* at 962-963).

Finally, defendant contends that the court erred in concluding that "by law" the sentences must run consecutive to the Federal sentence that defendant was currently serving. We agree. Although Penal Law § 70.25 (2-b) directs that in the circumstances of this case such sentences shall run consecutively, the statute further provides that the court may, in the interest of justice, order such sentences to run concurrently if it finds either mitigating circumstances or that defendant's participation in the crime was "relatively minor although not so minor as to constitute a defense to the prosecution." Further, pursuant to Penal Law § 70.25 (2-b), the court must afford defendant "an opportunity to present relevant information to assist the court in making [that] determination." Because defendant was not afforded that opportunity here, we modify the judgment by vacating the sentences, and we remit the matter to Supreme Court for resentencing (*see, People v Adams*, 161 AD2d 1203, 1204). (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Attempted Kidnapping, 2nd Degree.) Present— Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.