THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD KAIRIS, Appellant. [771 NYS2d 760]—

Appeal from a judgment of the Monroe County Court (Roy W. King, A.J.), rendered April 25, 2002. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]). Defendant contends that County Court erred in failing to provide him with an opportunity to withdraw his plea, which was a condition of the plea agreement in the event that defendant was unable to participate in the Freedom House drug treatment program "through no fault of his own." Even assuming, arguendo, that defendant's contention is properly before us (*cf. People v Lopez,* 71 NY2d 662, 665 [1988]; *People v DeJesus,* 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), we conclude that it lacks merit. The record establishes that defendant was discharged from the Drug Treatment Court program and sentenced to a term of imprisonment on the recommendation of the case

manager because of defendant's failure to cooperate with various treatment recommendations. Thus, it cannot be said that defendant was unable to participate in the Freedom House drug treatment program "through no fault of his own." The further contention of defendant concerning the severity of the sentence is encompassed by his waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Kehoe, JJ.