THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS THOMAS, Appellant. [793 NYS2d 652]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered June 24, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that his plea was not knowingly and voluntarily entered and that County Court therefore erred in denying his motion to withdraw his plea. Although defendant preserved his contention for our review by moving to withdraw the plea (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), we conclude that his contention lacks merit. "Permission to withdraw a guilty plea rests solely within the court's discretion . . ., and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in [the inducement of] the plea" (*People v Robertson*, 255 AD2d 968, 968 [1998], *lv denied* 92 NY2d 1053 [1999]; *see People v Pane*, 292 AD2d 850 [2002], *lv denied* 98 NY2d 653 [2002]). Contrary to the contention of defendant, he did not raise an intoxication defense. The record establishes that, on two separate occasions

prior to his motion to withdraw the plea, defendant admitted the elements of the crime and did not raise that defense (*cf. People v Tomaino*, 134 AD2d 859 [1987]; *People v Moore*, 78 AD2d 997 [1980]). Indeed, in his motion papers seeking to withdraw the plea defendant did not state under oath that he was intoxicated at the time of the crime or that he had no recollection of the events surrounding the crime, and in support of his present contention he relies solely on a statement concerning his alleged intoxication that he made to a probation officer. Also contrary to the contention of defendant, he validly waived his right to appeal (*see People v Vallejo*, 261 AD2d 962 [1999], *lv denied* 93 NY2d 1029 [1999]), and that waiver encompasses his challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.