THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD RAGIN, Appellant. [798 NYS2d 606]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered October 4, 2002. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of assault in the first degree (Penal Law § 120.10 [3]), defendant contends that Supreme Court erred in accepting his waiver of the right to appeal. The record establishes that defendant's waiver of the right to appeal was "voluntary and intelligent" (*People v Allen*, 82 NY2d 761, 763 [1993]). That waiver encompasses defendant's further contention that the sentence is unduly harsh or severe (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Watkins*, 261 AD2d 962 [1999], *lv denied* 93 NY2d 981 [1999]).

The contention of defendant that he was denied effective assistance of counsel because his attorneys opposed his motion to withdraw his plea of guilty is without merit. Defendant's original attorney did not affirmatively make statements adverse to defendant, argue against the motion, or become a witness against defendant (*see People v Viscomi*, 286 AD2d 886 [2001], *lv denied* 97 NY2d 763 [2002]). Were we to conclude that the attorney's statement was impliedly in opposition to defendant's pro se motion, we would nevertheless conclude that the court properly responded by assigning new counsel to represent defendant on the motion and allowing a de novo consideration thereof (*see generally People v Betsch*, 4 AD3d 818, 819 [2004], *lv denied* 2 NY3d 796, 3 NY3d 657 [2004]). Defendant's contention that the second attorney was also ineffective is similarly without merit. The attorney did not oppose the motion, but instead explained to the court that defendant had decided to withdraw it after the attorney had explained to him the potential consequences if the court granted the motion. Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.