■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER PAULY, Appellant. [799 NYS2d 841]—

Cardona, P.J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered June 22, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In March 2004, defendant was arrested and charged with, among other things, criminal possession of a controlled substance in the first degree, a class A-I felony. Thereafter, defendant waived indictment and, pursuant to a superior court information, pleaded guilty to a single count of criminal possession of a controlled substance in the third degree, a class B felony. Defendant waived his right to appeal and, in June 2004, was sentenced in accordance with the negotiated plea agreement to a prison term of 5 to 15 years.

Initially, we find unavailing defendant's claim that his waiver of his right to appeal did not preclude a challenge to the sentence imposed. "Where . . . a defendant enters a guilty plea which the record reflects is knowing, voluntary and intelligent and includes a comprehensive waiver of the defendant's right to appeal, the appeal waiver is enforceable and includes any challenge to the severity of the lawful sentence imposed" (*People v Clow*, 10 AD3d 803, 804 [2004]; *see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Allen*, 82 NY2d 761, 763 [1993]; *People v Seaberg*, 74 NY2d 1, 9-11 [1989]). Here, the record reflects that defendant was repeatedly informed that the waiver included his right to challenge the sentence imposed and he specifically acknowledged that he was relinquishing that right. Accordingly, we find no basis to conclude that defendant's waiver was anything less than all-encompassing (*see People v Allen, supra* at 763).

In any event, to the extent that defendant's constitutional challenge to how he was sentenced survived his plea of guilty and the waiver of his right to appeal (*see People v Figueroa*, 13 AD3d 163, 164 [2004], *lv denied* 4 NY3d 798 [2005]; *People v Hidalgo*, 283 AD2d 154 [2001], *lv denied* 96 NY2d 902 [2001]; *People v Kinch*, 237 AD2d 830, 831 [1997], *lv denied* 90 NY2d 860 [1997]), we are not persuaded that he is entitled to the requested relief. Specifically, defendant argues that the Rockefeller Drug Law Reform Act (*see* L 2004, ch 738), signed into law after he was sentenced, violates his statutory and

constitutional rights to equal protection by retroactively allowing individuals convicted of class A-I drug felonies prior to the Act's effective date to petition for resentencing pursuant to a new determinate sentencing scheme (*see* L 2004, ch 738, § 23; *see also* Penal Law § 70.71), while not providing the same opportunity to persons convicted of class B felonies (*see* Penal Law § 70.70).* Defendant's challenge is lacking in merit inasmuch as there is a rational basis for distinguishing between class A-I and class B felony drug offenders for retroactivity purposes (*see People v Walker*, 81 NY2d 661, 668 [1993]; *People v Parker*, 41 NY2d 21, 25 [1976]). For example, it would be rational for the Legislature to allow retroactivity and extend the greatest relief to those facing the most stringent sentences while, at the same time, providing different retroactive relief to class B felony drug offenders by, among other things, granting eligibility to earn additional merit time reductions (*see* L 2004, ch 738, §§ 7, 8, 30; Legislative Mem in Support, Bill Jacket, L 2004, ch 738). Given the existence of these and other factors demonstrating a rational basis for the disparity in treatment with respect to resentencing, we find defendant's constitutional arguments unpersuasive.

Mercure, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* Given that defendant was already sentenced when the Rockefeller Drug Law Reform Act took effect and the legislation is not silent as to the issue of retroactivity, defendant's claim that he is entitled to relief pursuant to the "amelioration doctrine" lacks merit (*see People v Walker*, 81 NY2d 661, 667 [1993]; *People v Festo*, 96 AD2d 765, 766 [1983], *affd* 60 NY2d 809 [1983]). Here, the Laws of 2004 (ch 738, § 41 [d-1]) specifically provide that the new sentencing ranges for class B offenders will "take effect on the thirtieth day after [the Act] shall have become a law, and . . . shall apply to crimes committed on or after the effective date thereof."