■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID VEGA, Appellant. [806 NYS2d 828]—Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered March 26, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and sentencing him to an indeterminate term of imprisonment of six years to life. The knowing, voluntary and intelligent waiver of the right to appeal by defendant encompasses his contention with respect to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Ragin*, 19 AD3d 1164, 1165 [2005], *lv denied* 5 NY3d 809 [2005]). In addition, the waiver encompasses the contention of defendant that the Rockefeller Drug Law Reform Act ([Act] L 2004, ch 738), enacted after he was sentenced, violates his right to equal protection of the law because it allows persons convicted of class A-I drug felonies to petition for resentencing pursuant to the Act's sentencing scheme but does not afford the same relief to persons, including defendant, who were convicted of class A-II drug felonies (*see* L 2004, ch 738, § 23; *People v Pauly*, 21 AD3d 595, 596 [2005]). The waiver of the right to appeal also encompasses the related contention of defendant that withholding from him the right to petition for resentencing constitutes cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution (*see People v Santilli*, 16 AD3d 1056 [2005]; *People v Brathwaite*, 263 AD2d 89, 92 [2000]). In any event, we note that the challenges by defendant to his sentence based upon the disparate treatment of persons convicted of class A-I as opposed to class A-II drug felonies have

been rendered moot by the enactment of chapter 643 of the Laws of 2005, which allows persons convicted of class A-II drug felonies to petition for resentencing. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Martoche, JJ.