THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXEI P. PENA, Appellant. [807 NYS2d 917]—Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered May 16, 2003. The judgment convicted defendant, after a nonjury trial, of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). " 'The credibility determinations of [Supreme] Court are entitled to great deference . . . , and there is no basis to conclude that the court failed to give the evidence the weight that it should be accorded' " (*People v Woodworth*, 8 AD3d 1010, 1011 [2004], *lv denied* 3 NY3d 683 [2004], quoting *People v Scott*, 289 AD2d 974, 975 [2001], *lv denied* 97 NY2d 733 [2002]). "[T]he challenge[ ] by defendant to his sentence based upon the disparate treatment of persons convicted of class A-I as opposed to class A-II drug felonies [has] been rendered moot by the enactment of chapter 643 of the Laws of 2005, which allows persons convicted of class A-II drug felonies to petition for resentencing" (*People v Vega*, 24 AD3d 1260, 1260-1261 [2005]; *see also People v Sampel*, 23 AD3d 1078 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.