■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WARD, Appellant. [809 NYS2d 678]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered February 5, 2004 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was convicted after a jury trial of criminal sale of a controlled substance in the third degree following his apprehension in a "buy-and-bust" operation in the City of Albany in August 2003. Thereafter, he was sentenced to $12^{1}/_{2}$ to 25 years in prison. Defendant now appeals, primarily alleging that the verdict was unsupported by legally sufficient evidence and Supreme Court erred in its pretrial *Sandoval* ruling.

With regard to legal sufficiency, we note that three Albany police detectives testified concerning their roles and observations

in the buy-and-bust operation. Their evidence established that a confidential informant (hereinafter CI) was placed at the crime scene equipped with a radio transmitter. The CI was observed by one detective via binoculars as he was approached by an individual on a bicycle matching defendant's description. The conversation between the CI and the bicyclist was overheard by a second detective and he testified to the details of the drug-related negotiations. The bicyclist was then observed as an intermediary between the CI and an unidentified individual up the street, riding back and forth between the two and making sequential hand-to-hand exchanges with each. The CI, who had been strip-searched prior to the operation, later delivered a quantity of crack cocaine to the detectives, and defendant, the only individual in the area fitting the description of the bicyclist, was contemporaneously taken into custody. The CI testified consistently with the detectives' version of the events.

Viewing this proof in a light most favorable to the People, we conclude that the jury's verdict was amply supported by the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, to the extent that defendant claims that the verdict was against the weight of the evidence, we note that the CI's testimony was not incredible as a matter of law (*see People v Meehan*, 229 AD2d 715, 717 [1996], *lv denied* 89 NY2d 926 [1996]) and, in any event, was corroborated by the testimony of the detectives at the scene. Finally, the failure of the police to recover the premarked buy money used in the transaction is unremarkable given the observation that other participants in the transaction were not apprehended.

Turning to Supreme Court's *Sandoval* ruling, the court prospectively permitted limited evidence concerning the existence of seven of defendant's nine prior misdemeanor and felony convictions and allowed more extensive inquiry into the nature and underlying facts of an eighth conviction for criminal trespass in 2003. In our view, Supreme Court did not abuse its discretion (*see People v Walker*, 83 NY2d 455, 459 [1994]) and struck an appropriate balance between the potential prejudice to defendant and the probative nature of the convictions as they related to defendant's credibility (*see generally People v Sandoval*, 34 NY2d 371, 375-378 [1974]). The fact that certain of the convictions were over 20 years old was not a per se bar to proof of their existence (*see People v Gray*, 84 NY2d 709, 712 [1995]; *People v Jackson*, 302 AD2d 748, 750 [2003], *lv denied* 100 NY2d 539 [2003]), particularly in light of the fact that the People were precluded from eliciting details of those older crimes (*see People v Walker, supra* at 459 [1994]). Finally, although the court did

not provide a detailed rationale for its ruling, we find its reasoning unmistakable in light of the parties' arguments and decline to disturb the decision on that basis (*see id.*).

Next, we find that Supreme Court properly granted the People's motion to amend the indictment to reflect the accurate location of the charged crime. The amendment merely corrected an apparent misprint and, under the facts herein, did not change the People's prosecutorial theory (*see People v Clapper*, 123 AD2d 484, 485 [1986], *lv denied* 69 NY2d 825 [1987]; *see generally* CPL 200.70 [1]).

Furthermore, defendant is not entitled to a reduction of his sentence under the amelioration doctrine (*see generally People v Walker*, 81 NY2d 661, 666-667 [1993]); the Rockefeller Drug Law Reform Act (*see* L 2004, ch 738) was not intended to have a retroactive application (*see People v Clinton*, 22 AD3d 887, 888 [2005]; *People v Pauly*, 21 AD3d 595, 597 n [2005]).

Defendant's remaining claims, including those in his pro se brief, have been considered and found unpersuasive.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.