Appeal from a judgment of the Supreme Court, Chautauqua County (Richard C. Kloch, Sr., A.J.), rendered December 19, 2006. The judgment convicted defendant, upon his plea of guilty, of aggravated murder and attempted aggravated murder.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting *1164 him, upon his plea of guilty, of aggravated murder (Penal Law § 125.26 [1] [a] [i]) and attempted aggravated murder (§§ 110.00, 125.26 [1] [a] [i]) in connection with the shooting of two New York State troopers. Although defendant preserved for our review his challenge to the factual sufficiency of the plea allocution (see People v Lopez, 71 NY2d 662, 665 [1988]), that challenge is encompassed by his waiver of the right to appeal (see People v Grimes, 53 AD3d 1055, 1056 [2008]). In any event, defendant’s challenge is without merit. Defendant admitted that he knew that the police had set up surveillance at the location where the crimes occurred; that the weapon he used was “very powerful” and could inflict a fatal wound; and that he shot the two men. We therefore conclude that the plea allocution is factually sufficient, i.e., it establishes that defendant intended to kill the victims and that he “knew or reasonably should have known” that they were police officers (§ 125.26 [1] [a] [i]). To the extent that defendant challenges the voluntariness of the plea, we reject that challenge. Defendant entered into an extensive plea agreement that resolved the instant charges that were pending against him in Supreme Court, Chautauqua County, as well as charges that were pending against him in Supreme Court, Erie County, Chemung County Court, and federal district court, and the plea agreement also ensured that charges that were pending against members of his family were dismissed.
We further conclude that Supreme Court did not abuse its discretion in denying defendant’s motion to withdraw the plea (see generally People v Seeber, 4 NY3d 780 [2005]). “Because nothing that defendant said or failed to say in [his] allocution negated any elements of the offense [s] to which [he] pleaded ... or otherwise called into question [his] admitted guilt or the voluntariness of [his] plea, [he] provided [the court] with no basis for allowing the plea’s withdrawal” (id. at 781; see People v Thomas, 17 AD3d 1047 [2005], lv denied 5 NY3d 770 [2005]). Finally, the contention of defendant that the court abused its discretion in denying his motion seeking to discharge defense counsel is encompassed by the plea and the waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea (see People v Williams, 6 AD3d 746, 747 [2004], lv denied 3 NY3d 650 [2004]), and that exception does not apply here. In any event, that contention lacks merit. Defendant stated at the time of the plea that he was satisfied with the services of his attorney, who represented him in connection with the pending charges in all of the respective jurisdictions, and defendant failed to show good cause for substitution of counsel (see id. at 747-748). Present—Scudder, PJ., Hurlbutt, Lunn, Green and Gorski, JJ.