Appeal from a judgment of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), rendered December 19, 2006. The judgment convicted defendant, upon his plea of guilty, of escape in the first degree.
*1169 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of escape in the first degree (Penal Law § 205.15 [1]). Contrary to the contention of defendant, we conclude that his waiver of the right to appeal is valid (see generally People v Lopez, 6 NY3d 248, 256 [2006]). Although the further contention of defendant that his plea was not knowing, voluntary and intelligent survives his valid waiver of the right to appeal and he preserved that contention for our review (see generally People v DeJesus, 248 AD2d 1023 [1998], lv denied 92 NY2d 878 [1998]), we conclude that is belied by the record. We also reject the contention of defendant that Supreme Court abused its discretion in denying his motion to withdraw the plea. Where, as here, there is no “ ‘evidence of innocence, fraud, or mistake [in the inducement of] the plea,’ ” the court’s refusal to permit a defendant to withdraw his or her plea does not constitute an abuse of discretion (People v Thomas, 17 AD3d 1047, 1047 [2005], lv denied 5 NY3d 770 [2005]; see People v Seeber, 4 NY3d 780 [2005]; People v Phillips, 56 AD3d 1163 [2008]). Furthermore, to the extent that the contention of defendant that the court abused its discretion in denying his motion seeking to discharge defense counsel survives the plea and defendant’s valid waiver of the right to appeal, we conclude that it is lacking in merit (see Phillips, 56 AD3d at 1164).
The further contention of defendant that the court erred in sentencing him as a persistent felony offender because Penal Law § 70.10 and CPL 400.20 are unconstitutional under Apprendi v New Jersey (530 US 466 [2000]) is not preserved for our review (see People v Daniels, 5 NY3d 738, 740 [2005], cert denied 546 US 988 [2005]). In any event, that contention is without merit (see People v Rivera, 5 NY3d 61, 66-68 [2005], cert denied 546 US 984 [2005]). Finally, the challenge by defendant to the severity of the sentence is encompassed by his waiver of the right to appeal (see Lopez, 6 NY3d at 255). Present— Scudder, PJ., Hurlbutt, Lunn, Green and Gorski, JJ.