# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**678**

**KA 11-00249**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ROBERT J. THOUSAND, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered December 22, 2010. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that his waiver of the right to appeal was invalid. We reject that contention (*see generally People v Porter*, 55 AD3d 1313, *lv denied* 11 NY3d 899). Defendant's valid waiver of the right to appeal encompasses his challenges to the severity of the sentence (*see id.*), the decision of the suppression court (*see People v Kemp*, 94 NY2d 831, 833), and the factual sufficiency of the plea allocution (*see People v Zimmerman*, 219 AD2d 848, 848, *lv denied* 88 NY2d 856). We reject defendant's contention that County Court erred in denying his motion to withdraw his guilty plea on the ground that his plea colloquy negated the elements of manslaughter in the second degree. Defendant pleaded guilty to a crime lesser than that charged in the indictment, and a factual colloquy thus was not required (*see id.*).

Entered: June 8, 2012                          Frances E. Cafarell
                                               Clerk of the Court