■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. CASTANEA, Appellant. [695 NYS2d 465] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in accepting his plea because he did not admit the forcible stealing element of robbery in the third degree (Penal Law § 160.05). Defendant concedes that he has not preserved that contention for our review because he did not move to withdraw his plea or vacate the judgment of conviction (*see, People v DeJesus*, 248 AD2d 1023, *lv denied* 92 NY2d

878), but alleges that the allocution qualifies for the narrow, "rare case" exception to the preservation doctrine (*People v Lopez*, 71 NY2d 662, 666; *see, People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839). We disagree. When defendant equivocated whether he used force to steal property, the court conducted further inquiry regarding that element of the crime and also ensured that defendant understood the nature of the charge and that the plea was intelligently entered. Thus, the court satisfied its obligation (*see, People v Lopez, supra*, at 666-668). (Appeal from Judgment of Ontario County Court, Harvey, J.—Robbery, 3rd Degree.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.