▆ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE BROWN, Appellant. [723 NYS2d 301] —Judgment unanimously affirmed. Memorandum: Defendant was charged by an indictment with two counts of robbery in the first degree and one count of assault in the first degree. The case proceeded to trial, but the jury deadlocked, resulting in a mistrial. Defendant subsequently pleaded guilty to one count of robbery in the first degree (Penal Law § 160.15 [1]). As part of the plea bargain, defendant waived his right to appeal and admitted that he was a second felony offender in exchange for a dismissal of the other counts in the indictment and a promised sentence of the minimum period of incarceration for a second felony offender. We reject the contention of defendant that his waiver of the right to appeal was invalid. To obtain a valid waiver, County Court was not required to engage in any particular litany (*see, People v Kemp,* 94 NY2d 831, 833; *People v Moissett,* 76 NY2d 909, 910-911; *People v McDonald,* 270 AD2d 955, *lv denied* 95 NY2d 800). During the plea allocution, defendant stated that he understood that he was waiving the right to appeal to a higher court. The plea allocution as a whole establishes that defendant's waiver of the right to appeal was knowing, intelligent, and voluntary. The waiver encompasses the contention of defendant that the court erred in denying his motion to suppress his statements to the police (*see, People v Frank,* 258 AD2d 900, 901, *lv denied* 93 NY2d 924; *People v Hicks,* 254 AD2d 48, *lv denied* 92 NY2d 1033).

We have reviewed defendant's remaining contentions raised in the *pro se* supplemental briefs and conclude that they are without merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Scudder and Lawton, JJ.