■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LE ROY JENNINGS, Appellant. [778 NYS2d 399]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 17, 2003. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that his waiver of the right to appeal is invalid because it effectively insulated the decisions of Supreme Court from appellate review. It is well settled that

waivers of the right to appeal are valid conditions of plea bargains (*see People v Seaberg*, 74 NY2d 1, 5 [1989]; *see also People v Callahan*, 80 NY2d 273, 280 [1992]) and, in this case, the facts and circumstances surrounding defendant's plea colloquy establish that the waiver was knowingly, intelligently and voluntarily entered (*see People v Brown*, 281 AD2d 962 [2001], *lv denied* 96 NY2d 899 [2001]). The further contention of defendant that his plea was not knowingly, intelligently or voluntarily entered survives the waiver of the right to appeal (*see Seaberg*, 74 NY2d at 10), but defendant failed to preserve that contention for our review (*see People v Vallejo*, 261 AD2d 962 [1999], *lv denied* 93 NY2d 1029 [1999]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). Although defendant's initial factual allocution may have negated an essential element of the crime, this case does not fall within the exception to the preservation rule because the court conducted the requisite further inquiry and defendant did not thereafter raise any further objections or move to withdraw his plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Simmons*, 294 AD2d 928 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Castanea*, 265 AD2d 906 [1999]).

Even assuming, arguendo, that the waiver of the right to appeal does not foreclose our review of the further contention of defendant that the court failed to exercise its discretion in sentencing him (*cf. Seaberg*, 139 AD2d 53, 56 [1988], *affd* 74 NY2d 1 [1989]), we nevertheless conclude that his contention lacks merit (*see generally People v Farrar*, 52 NY2d 302, 306-307 [1981]). Finally, the contention of defendant that he was denied effective assistance of counsel survives his guilty plea and his waiver of the right to appeal inasmuch as he contends that his plea was infected by the alleged ineffective assistance (*see generally People v Petgen*, 55 NY2d 529, 534-535 [1982], *rearg denied* 57 NY2d 674 [1982]; *People v Dupont*, 292 AD2d 872 [2002], *lv denied* 98 NY2d 650 [2002]). That contention, however, involves matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL article 440 (*see People v Logan*, 2 AD3d 1392 [2003]; *People v Skye*, 298 AD2d 889, 890 [2002]). Present—Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.