■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MORALES, Appellant. [786 NYS2d 763]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered December 18, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and intimidating a victim or witness in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal sale of a controlled substance in the second degree (Penal Law § 220.41) and intimidating a victim or witness in the third degree (§ 215.15 [1]), defendant contends that his factual allocution on the latter charge was insufficient and that the error fits within an exception to the preservation rule enunciated in *People v Lopez* (71 NY2d 662

[1988]). We disagree that the alleged error fits within the exception, and we conclude that defendant's contention is not preserved for our review. "Although defendant's initial factual allocution may have negated an essential element of the crime, this case does not fall within the exception to the preservation rule because [County Court] conducted the requisite further inquiry and defendant did not thereafter raise any further objections or move to withdraw his plea or to vacate the judgment of conviction" (*People v Jennings*, 8 AD3d 1067, 1068 [2004], *lv denied* 3 NY3d 676 [2004]; *see Lopez*, 71 NY2d at 666). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that the sentence is unduly harsh or severe. "Defendant was sentenced in accordance with the plea bargain and should be bound by its terms" (*People v McGovern*, 265 AD2d 881, 881 [1999], *lv denied* 94 NY2d 882 [2000]). Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Lawton, JJ.