■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. THOMAS, Appellant. [794 NYS2d 257]—Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered March 18, 2004. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a plea of guilty of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that his plea allocution was insufficient because he negated the essential element of intent. That contention is not preserved for our review inasmuch as "[County Court] conducted the requisite further inquiry and defendant did not thereafter raise any further objections or move to withdraw his plea or to vacate the judgment of conviction" (*People v Jennings*, 8 AD3d 1067, 1068 [2004], *lv denied* 3 NY3d 676 [2004]; *see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Simmons*, 294 AD2d 928 [2002], *lv denied* 98 NY2d 702 [2002]). Defendant also failed to preserve for our review his further contention that the allocution was insufficient because the court failed to inquire into potential defenses (*see People v Beach*, 306 AD2d 753, 754 [2003]; *People v Richardson*, 275 AD2d 864, 865 [2000], *lv denied* 95 NY2d 937 [2000]; *People v Wallace*, 247 AD2d 257, 258 [1998]; *People v Gehy*, 220 AD2d 527 [1995], *lv denied* 87 NY2d 1019 [1996]). In any event, both contentions lack merit. We further conclude that the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Gorski, Smith, Pine and Lawton, JJ.