■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE A. MORGAN, Appellant. [847 NYS2d 507]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered January 24, 2006. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree (two counts), menacing in the second degree (two counts) and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, two counts of burglary in the first degree (Penal Law § 140.30 [2], [4]), defendant contends that his plea allocution was factually insufficient because he negated the essential element of intent with respect to the burglary counts. Defendant concedes that he failed to preserve that contention for our review but contends that this case falls within the rare exception to the preservation rule set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). We reject that contention. "Although defendant's initial factual allocution may have negated an essential element of the crime, this case does not fall within the exception to the preservation rule because [County Court] conducted the requisite further inquiry and defendant did not thereafter raise any further objections or move to withdraw his plea or to vacate the judgment of conviction" (*People v Jennings*, 8 AD3d 1067, 1068 [2004], *lv denied* 3 NY3d 676 [2004]; *see Lopez*, 71 NY2d at 666-668; *People v Thomas*, 17 AD3d 1123 [2005], *lv denied* 5 NY3d 770 [2005]). Finally, the bargained-for sentence is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.