# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**886**

**KA 15-00838**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

KELLY L. MARSHALL, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered December 4, 2013. The judgment convicted defendant, upon her plea of guilty, of murder in the second degree and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [3]), defendant contends that her waiver of the right to appeal is invalid. We reject that contention. Although the form notice signed by defendant recited, among other things, that she had the right to appeal, that form notice does not constitute a proper written waiver of the right to appeal (*see* 22 NYCRR 1022.11 [a]; *People v Finster*, 136 AD3d 1279, 1280, *lv denied* 27 NY3d 1132). We nonetheless conclude that "[t]he plea allocution as a whole establishes that defendant's waiver of the right to appeal was knowing, intelligent, and voluntary" (*People v Brown*, 281 AD2d 962, 962, *lv denied* 96 NY2d 899; *see People v Lopez*, 6 NY3d 248, 256). Contrary to defendant's contention, County Court "did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (*People v Bentley*, 63 AD3d 1624, 1625, *lv denied* 13 NY3d 742), and we conclude that the record establishes that the court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Ripley*, 94 AD3d 1554, 1554, *lv denied* 19 NY3d 976 [internal quotation marks omitted]). The valid waiver of the right to appeal forecloses our review of defendant's contention that the sentence is unduly harsh and severe (*see generally Lopez*, 6 NY3d at 255-256), as well as our review of her contention that the sentence constitutes cruel and unusual punishment (*see People v Santilli*, 16 AD3d 1056, 1056-1057; *People v Brathwaite*, 263 AD2d 89, 92).