■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY VICTOR, Appellant. [799 NYS2d 843]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered April 3, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the orders of protection and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]). Contrary to the contention of defendant, the record establishes that his waiver of the right to appeal was voluntarily, knowingly and intelligently entered, and that waiver encompasses his challenge to the factual sufficiency of the plea allocution (*see People v Vallejo*, 261 AD2d 962 [1999], *lv denied* 93 NY2d 1029 [1999]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). In addition, defendant challenges the severity of the sentence based upon the order of protection that prohibited him from having contact with his children, and he further challenges the severity of the sentence on the ground that, with respect to the duration of both orders of protection issued, County Court failed to take into account any jail time credit to which he is entitled. Although the waiver by defendant of the right to appeal does not encompass his contentions concerning the orders of protection (*see People v Holmes*, 294 AD2d 871, 872 [2002], *lv denied* 98 NY2d 730 [2002]), we nevertheless reject his contention that the order of protection prohibiting him from having contact with his children renders the sentence unduly harsh or severe. As the People correctly concede, however, the orders of protection must be amended by limiting their duration because the court failed to take into account any jail time credit to which defendant is entitled (*see* Penal Law § 70.30 [3] [a]; CPL 530.13 [4] [ii]; *Holmes*, 294 AD2d at 872). We therefore modify the judgment by amending the orders of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify in the orders of protection an expiration date that is three years from the date of expiration of the maximum term of the sentence (*see People v Grice*, 300 AD2d 1005, 1006 [2002], *lv denied* 99 NY2d 654 [2003]). Present—Green, J.P., Gorski, Martoche, Smith and Hayes, JJ.