■ The People of the State of New York, Respondent, v Marvin Lee Chambers, Appellant. [801 NYS2d 171]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered May 14, 2002. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that, in setting the duration of the order of protection, Supreme Court erred in failing to take into account the jail time credit to which he was entitled. Although defendant failed to preserve his contention for our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we

nevertheless exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). As the People correctly concede, the order of protection is improper (*see* Penal Law § 70.30 [3]; CPL 530.13 [4] [ii]; *People v Victor*, 20 AD3d 927 [2005]; *People v Grice*, 300 AD2d 1005, 1006 [2002], *lv denied* 99 NY2d 654 [2003]). We therefore modify the judgment by amending the order of protection, and we remit the matter to Supreme Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date that is three years from the date of expiration of the maximum term of the sentence (*see Victor*, 20 AD3d at 928; *Grice*, 300 AD2d at 1006). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.