■ The People of the State of New York, Respondent, v Lamont Bland, Appellant. [810 NYS2d 718]—Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered February 18, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05). The waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (*see People v Spivey*, 9 AD3d 886 [2004], *lv denied* 3 NY3d 712 [2004]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). Although the contention of defendant that his plea was not voluntarily, knowingly and intel-

ligently entered survives his waiver of the right to appeal, defendant failed to preserve that contention for our review by moving to withdraw the plea or to vacate the judgment of conviction (*see People v McKay*, 5 AD3d 1040, 1041 [2004], *lv denied* 2 NY3d 803 [2004]; *DeJesus*, 248 AD2d 1023 [1998]). This case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). Defendant also failed to preserve for our review his contention that County Court erred in determining the amount of restitution without conducting a hearing (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v McCorkle*, 298 AD2d 848 [2002], *lv denied* 99 NY2d 561 [2002]). To the extent that the further contention of defendant that he was denied effective assistance of counsel survives his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that defendant's contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.