THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY S. ISGAR, Appellant. [817 NYS2d 573]—Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered September 9, 2005. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Hayes, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS FLOWERS, Also Known as SUGAR BEAR, Appellant. [817 NYS2d 836]—Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered May 3, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). Contrary to the contention of defendant, the record establishes that he validly waived his right to appeal (see generally People v Callahan, 80 NY2d 273, 280 [1992]). Although the further contention of defendant that the plea of guilty was not voluntarily entered survives his waiver of the right to appeal, defendant failed to move to withdraw his plea of guilty or to vacate the judgment of conviction and thus failed to preserve that contention for our review (see People v Landers, 28 AD3d 1072 [2006]; People v DeJesus, 248 AD2d 1023 [1998], lv denied 92 NY2d 878 [1998]). In any event, that contention lacks merit. The waiver by defendant of the right to appeal encompasses his challenge to County Court's suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]), his contention that he was denied his right to testify before the grand jury (see People v Nesbett, 255 AD2d 950 [1998]), and his challenge to the severity of the sentence (see People v Hidalgo, 91 NY2d 733, 737 [1998]). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Hayes, JJ.