■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT H. McKNIGHT, Also Known as VINCENT H. BROWN McKNIGHT, Also Known as VINCENT H. BROWN, Appellant. [827 NYS2d 809]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered November 8, 2004. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by vacating the period of postrelease supervision and amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Jefferson County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]). We agree with defendant that the sentence is illegal to the extent that County Court imposed a period of postrelease supervision. Postrelease supervision applies to offenses committed on or after September 1, 1998 (see § 70.45; People v Copeland, 281 AD2d 985 [2001], lv denied 96 NY2d 861 [2001]), and the offense to which defendant pleaded guilty was committed in September 1996. We therefore modify the judgment by vacating the period of postrelease supervision.

Although defendant failed to preserve for our review his further contention that the duration of the order of protection is beyond that permitted by law (see People v Nieves, 2 NY3d 310, 315-317 [2004]), we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We agree with defendant, and we therefore further modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date that is three years from the date of expiration of the maximum term of the sentence (see CPL 530.12 [5]; People v Ricks, 13 AD3d 1073, 1074 [2004], lv denied 4 NY3d 890 [2005]). Present—Hurlbutt, A.P.J., Gorski, Smith and Centra, JJ.