■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS AGUAYO, Appellant. [829 NYS2d 350]—Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered April 7, 2004. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to the contention of defendant, the record establishes that his waiver of the right to appeal was knowingly, intelligently and voluntarily entered (see *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Peterson*, 35 AD3d 1195 [2006]). We reject defendant's further contention that the waiver of the right to appeal is against public policy (see *Peterson*, 35 AD3d 1195 [2006]; see generally *People v Muniz*, 91 NY2d 570, 573-575 [1998]). Although the further contention of defendant that his plea was not voluntary survives the waiver of the right to appeal, defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (see *Peterson*, 35 AD3d 1195 [2006]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). In any event, defendant's contention is without merit. Contrary to the contention of defendant, there is no requirement that he recite the facts underlying the crime to which he pleaded guilty (see *People v Seeber*, 4 NY3d 780, 781 [2005]), and the record establishes that he confirmed County Court's recitation of those facts (see *Peterson*, 35 AD3d 1195 [2006]). Finally, the waiver by defendant of the right to appeal encompasses his contention that the court erred in denying his motion to suppress his statement to the police (see *People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Stewart*, 35 AD3d 1168 [2006]), as well as his challenge to the severity of the sentence (see *Lopez*, 6 NY3d at 255; *People v Lococo*, 92 NY2d 825, 827 [1998]). Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.