■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ANDERSON, JR., Appellant. [836 NYS2d 481]—Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered August 18, 2005. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY D. BURNEY, Appellant. [838 NYS2d 278]—Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered January 9, 2006. The judgment convicted defendant, upon his plea of guilty, of escape in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of escape in the second degree (Penal Law § 205.10 [2]). Contrary to the contention of defendant, the record of the plea proceeding establishes that he validly waived his right to appeal (*see People v Flowers*, 31 AD3d 1212 [2006], *lv denied* 7 NY3d 848 [2006]), and that waiver encompasses his challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]). The further contention of defendant that his plea was not knowing, voluntary or intelligent survives his waiver of the right to appeal (*see People v Bland*, 27 AD3d 1052, 1052-1053 [2006], *lv denied* 6 NY3d 892 [2006]), but defendant failed to preserve that contention for our review by moving to withdraw the plea or to vacate the judgment of conviction (*see People v Aguayo*, 37 AD3d 1081 [2007]; *Flowers*, 31 AD3d 1212 [2006]). This case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.