■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLPH WRIGHT, Appellant. [838 NYS2d 742]—

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered April 20, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that the conviction is not supported by legally sufficient evidence because the People failed to establish that the victim sustained a serious physical injury as defined by Penal Law § 10.00 (10). Defendant did not seek a trial order of dismissal of the indictment on that ground and thus failed to preserve his contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). We reject the further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to seek a trial order of dismissal on that ground (*see People v Phelps*, 4 AD3d 863, 864 [2004], *lv denied* 2 NY3d 804 [2004]). We conclude that the evidence is legally sufficient to establish that the victim sustained a serious physical injury (*see People v Almonte*, 7 AD3d 324, 325 [2004], *lv denied* 3 NY3d 670 [2004]; *People v Vigliotti*, 270 AD2d 904, 904-905 [2000], *lv denied* 95 NY2d 839, 970 [2000]), "and defendant therefore has failed to show that the motion to dismiss, if made, would have been successful" (*Phelps*, 4 AD3d at 864). We also conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant further contends that County Court erred in fixing the duration of the order of protection without taking into account the jail time credit to which he was entitled (*see People v Clinkscales*, 35 AD3d 1266, 1267 [2006]; *People v Chambers*, 21 AD3d 1288 [2005]). The People concede, and we agree, that the order of protection is improper (*see Clinkscales*, 35 AD3d at 1267). Although defendant failed to preserve that contention for our review. (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Clinkscales*, 35 AD3d at 1267). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled. The court must specify in the order of protection an expiration date in accordance with CPL 530.13 (former [4] [ii]), the version of the statute in effect when the judgment was rendered on April 20, 2004 (*see generally Clinkscales*, 35 AD3d at 1267).

Contrary to defendant's final contention, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.