THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY SEBALLO VALDEZ, Appellant. [837 NYS2d 823]—Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered June 30, 2004. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree and burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the first degree (Penal Law § 120.10 [1]) and burglary in the first degree (§ 140.30 [2]). Defendant failed to preserve for our review his contention that County Court erred in calculating the expiration date of the order of protection without taking into account the jail time credit to which he is entitled (see CPL 470.05 [2]). We nevertheless exercise our power to address defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; *People v McKnight*, 35 AD3d 1162 [2006]; *People v Clinkscales*, 35 AD3d 1266, 1267 [2006]; *People v Chambers*, 21 AD3d 1288 [2005]). We agree with defendant that, although the court stated that it took into account defendant's jail time credit in setting the expiration date of the order of protection, the court in fact failed to do so (see generally *McKnight*, 35 AD3d 1162 [2006]; *Clinkscales*, 35 AD3d at 1267; *Chambers*, 21 AD3d 1288 [2005]). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail-time credit to which defendant is entitled. The court must specify in the order of protection an expiration date in accordance with CPL 530.13 (former [4] [ii]), the version of the statute in effect when the judgment was rendered on June 30, 2004 (see generally *Clinkscales*, 35 AD3d at 1267). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Lunn, Peradotto, Green and Pine, JJ.