██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW D. MARTIN, Appellant. [843 NYS2d 740]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered February 28, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of stolen property in the third degree (Penal Law § 165.50). Although the contention of defendant that his plea was not knowingly, voluntarily and intelligently entered survives his waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Bland*, 27 AD3d 1052 [2006], *lv denied* 6 NY3d 892 [2006]), defendant failed to preserve that contention for our review by moving to withdraw his plea or to vacate the judgment of conviction (*see People v Aguayo*, 37 AD3d 1081 [2007], *lv denied* 8 NY3d 981 [2007]; *Bland*, 27 AD2d 1052). Defendant further contends that he did not move to withdraw his plea based on the statement of County Court that, if he were to do so, the court would have to consider the fact that defendant pleaded guilty while under oath, "which then raises a possible perjury charge." We reject that contention. The record establishes that defendant's decision not to move to withdraw the plea was made upon the advice of defense counsel well before the court made that statement. In any event, we conclude that the plea was knowingly, voluntarily and intelligently entered. Finally, defendant contends that the observation of the police that the vehicle identification number had been removed from the camper in which he was residing constituted a warrantless search of that camper and thus that the court erred in refusing to suppress the evidence. The valid waiver by defendant of the right to appeal encompasses that contention, however, and we therefore do not address it (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Hernandez*, 21 AD3d 1214 [2005], *lv denied* 5 NY3d

883 [2005]; *People v Lopez*, 8 AD3d 819, 820 [2004], *lv denied* 3 NY3d 708). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.