■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. GRISWOLD, Appellant. [848 NYS2d 490]—Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered November 9, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to the contentions of defendant, his waiver of the right to appeal is not against public policy, and the record establishes that his waiver was knowingly, intelligently and voluntarily entered (*see People v Aguayo*, 37 AD3d 1081 [2007], *lv denied* 8 NY3d 981 [2007]). Although the contention of defendant that

his plea was not voluntarily entered survives his waiver of the right to appeal, defendant failed to move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (*see id.; People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). In any event, that contention is without merit. It is well established that there is no requirement that defendant personally recite the facts underlying the offense, and the record establishes that he confirmed County Court's recitation of those facts (*see Aguayo*, 37 AD3d 1081 [2007]; *see generally People v Seeber*, 4 NY3d 780, 781 [2005]).

We reject the contention of defendant that the court abused its discretion in failing to adjudicate him a youthful offender (*see generally* CPL 720.10 [6]). Defendant was sentenced as a second felony offender and was thus ineligible to be adjudicated as a youthful offender (*see* 720.10 [2] [b]). We reject defendant's further contention that the court erred in failing to sentence him pursuant to the 2005 Drug Law Reform Act (L 2005, ch 643, § 1). The court properly determined that, inasmuch as the offense was committed before the effective date of that act, those sentencing provisions were not applicable (*see id.; see generally People v Utsey*, 7 NY3d 398, 404 [2006]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Pine, JJ.