◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIA L. SMITH, Appellant. [850 NYS2d 774]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered May 2, 2006. The judgment convicted defendant, upon her plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Yates County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of assault in the second degree (Penal Law § 120.05 [2]). Contrary to the contention of defendant, the record establishes that she voluntarily, knowingly and intelligently waived her right to appeal, and that waiver encompasses her contention with respect to County Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]). Although the further contention of defendant that her guilty plea was not knowingly and voluntarily entered survives her waiver of the right to appeal (*see People v Bland*, 27 AD3d 1052 [2006], *lv denied* 6 NY3d 892 [2006]), defendant failed to preserve her contention for our review by failing to move to withdraw her plea or to vacate the judgment of conviction (*see People v Burney*, 41 AD3d 1221 [2007], *lv denied* 9 NY3d 863 [2007]). This case does not fall within the narrow exception to the preservation doctrine (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *Burney*, 41 AD3d 1221 [2007]).

We conclude that the sentence is not unduly harsh or severe, but we agree with defendant that the court erred in calculating the expiration date of the order of protection without taking into account the jail-time credit to which she is entitled (*see People v Clinkscales*, 35 AD3d 1266, 1267 [2006]; *People v Hare*, 27 AD3d 1171, 1172 [2006], *lv denied* 6 NY3d 894 [2006]). Although defendant failed to preserve that contention for our

review, we exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Fomby*, 42 AD3d 894, 895 [2007]; *People v Valdez*, 41 AD3d 1255 [2007], *lv denied* 9 NY3d 882 [2007]). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled, and to specify in the order of protection an expiration date in accordance with CPL 530.13 (former [4]), the version of the statute in effect when the judgment was rendered on May 2, 2006. Present—Scudder, P.J., Gorski, Lunn, Fahey and Green, JJ.