THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADALBERTO VEGA, JR., Appellant. [852 NYS2d 910]—

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty,

of assault in the first degree (Penal Law § 120.10 [1]). We note at the outset that we agree with defendant that his waiver of the right to appeal is invalid (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]). Supreme Court did not ask defendant during the plea colloquy whether he agreed to waive his right to appeal, and the prosecutor's single inquiry of defendant whether he understood that he was waiving his right to appeal is insufficient to "establish that [he] understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*id.*; *see People v Phillips*, 28 AD3d 939 [2006], *lv denied* 7 NY3d 761 [2006]; *People v Brown*, 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]). We further agree with defendant that the court erred in fixing the duration of the order of protection without taking into account the jail time credit to which he is entitled (*see People v Clinkscales*, 35 AD3d 1266 [2006]; *People v Hare*, 27 AD3d 1171, 1172 [2006], *lv denied* 6 NY3d 894 [2006]; *People v Newman*, 21 AD3d 1343 [2005]). Although defendant failed to preserve for our review his contention with respect to the duration of the order of protection (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by amending the order of protection, and we remit the matter to Supreme Court to determine the jail-time credit to which defendant is entitled, and to specify in the order of protection an expiration date in accordance with CPL 530.13 (former [4]), the version of the statute in effect when the judgment was rendered on October 4, 2004.

Defendant failed to preserve for our review his further contention concerning the failure to comply with the procedural requirements of CPL 400.21 (*see People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Hodge*, 23 AD3d 1062, 1063 [2005]). In any event, defendant waived strict compliance with CPL 400.21 by admitting the prior felony conviction in open court (*see People v Harris*, 233 AD2d 959 [1996], *lv denied* 89 NY2d 1094 [1997]; *People v Stephens*, 193 AD2d 1087 [1993], *lv denied* 82 NY2d 727 [1993]; *People v Diomede*, 185 AD2d 709, 710 [1992], *lv denied* 80 NY2d 928 [1992]). Present—Hurlbutt, J.P., Smith, Centra, Lunn and Fahey, JJ.