■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW D. MARTIN, Appellant. [865 NYS2d 162]—

Appeal from a judgment of the Steuben County Court (Marianne Furfure, J.), rendered June 6, 2006. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment of Steuben County Court convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35), arising from his theft of a camping trailer located at a business in Steuben County. Defendant transported the trailer to property located in

Yates County, where it remained until the police discovered it, and defendant was charged in Yates County with, inter alia, criminal possession of stolen property in the third degree (§ 165.50). Defendant thereafter pleaded guilty to that crime when, following a *Huntley* hearing, Yates County Court refused to suppress defendant's written statement to the police in Yates County. Defendant was then prosecuted in Steuben County for grand larceny in the third degree, for his theft of the trailer. We conclude that Steuben County Court properly refused to suppress defendant's written statement to the police in Yates County without conducting a hearing on the ground that "the same issues were previously litigated and decided by Yates County Court." The doctrine of collateral estoppel may be applied in criminal cases where, as here, there is "identity of parties[,] identity of issues[,] a final and valid prior judgment . . . and a full and fair opportunity to litigate the prior determination" (*People v Aguilera,* 82 NY2d 23, 29-30 [1993]).

Although the contention of defendant that his plea was not knowingly, voluntarily, and intelligently entered survives his waiver of the right to appeal (*see People v Burney,* 41 AD3d 1221 [2007], *lv denied* 9 NY3d 863 [2007]), defendant failed to preserve that contention for our review by moving to withdraw the plea or to vacate the judgment of conviction (*see People v Aguayo,* 37 AD3d 1081 [2007], *lv denied* 8 NY3d 981 [2007]). In any event, defendant's contention lacks merit (*see People v Kron,* 8 AD3d 908 [2004], *lv denied* 3 NY3d 708, 758 [2004]). Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.