Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered June 15, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). We conclude that County Court did not abuse its discretion in denying the motion of defendant to withdraw his plea before sentencing. “Permission to withdraw a guilty plea rests solely within the court’s discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea” {People v *1217 Robertson, 255 AD2d 968 [1998], lv denied 92 NY2d 1053 [1999]; see generally CPL 220.60 [3]). Here, the contention of defendant that he was not thinking clearly at the time of the plea and was pressured into accepting the plea by defense counsel is “belied by his statements made under oath during the plea colloquy” (People v Spikes, 28 AD3d 1101, 1102 [2006], lv denied 7 NY3d 818 [2006]). The further contention of defendant that he should have been permitted to withdraw his plea because he was subject to an illegal search does not survive his valid waiver of the right to appeal (see People v Martin, 43 AD3d 1316, 1316-1317 [2007]; see also People v Kemp, 94 NY2d 831, 833 [1999]). In any event, that contention lacks merit. It is well settled that “ ‘[a] defendant is not entitled to withdraw his plea merely because he discovers . . . that his calculus misapprehended the quality of the State’s case’ ” (People v Jones, 44 NY2d 76, 81 [1978], cert denied 439 US 846, quoting Brady v United States, 397 US 742, 757 [1970]). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.