■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY J. THOMPSON, Appellant. [921 NYS2d 577]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered April 19, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a forged instrument in the second degree (Penal Law §§ 110.00, 170.25). We reject defendant's contention that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]). County Court " 'expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea' " (*People v Porter*, 55 AD3d 1313 [2008], *lv denied* 11 NY3d 899 [2008]). Although the further contention of defendant that his guilty plea was not knowingly and voluntarily entered survives his valid waiver of the right to

appeal (*see People v Bland,* 27 AD3d 1052, 1052-1053 [2006], *lv denied* 6 NY3d 892 [2006]), defendant failed to preserve his contention for our review by failing to move to withdraw his plea or to vacate the judgment of conviction (*see People v Smith,* 48 AD3d 1171 [2008], *lv denied* 10 NY3d 964 [2008]; *Bland,* 27 AD3d at 1052-1053). This case does not fall within the narrow exception to the preservation doctrine (*see People v Lopez,* 71 NY2d 662, 666 [1988]; *Smith,* 48 AD3d at 1171).

Defendant failed to preserve for our review his further contention concerning the failure to comply with the procedural requirements set forth in CPL 400.21 (*see People v Pellegrino,* 60 NY2d 636, 637 [1983]; *People v Vega,* 49 AD3d 1185, 1186 [2008], *lv denied* 10 NY3d 965 [2008]). In any event, defendant waived strict compliance with the statute by admitting his commission of the prior felony conviction in open court (*see Vega,* 49 AD3d at 1186; *People v Harris,* 233 AD2d 959 [1996], *lv denied* 89 NY2d 1094 [1997]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Peradotto, Carli, Sconiers and Green, JJ.