# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

512

KA 10-01151

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

GREGORY J. THOMPSON, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered April 19, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a forged instrument in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a forged instrument in the second degree (Penal Law §§ 110.00, 170.25). We reject defendant's contention that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256). County Court " 'expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea' " (*People v Porter*, 55 AD3d 1313, *lv denied* 11 NY3d 899). Although the further contention of defendant that his guilty plea was not knowingly and voluntarily entered survives his valid waiver of the right to appeal (*see People v Bland*, 27 AD3d 1052, 1052-1053, *lv denied* 6 NY3d 892), defendant failed to preserve his contention for our review by failing to move to withdraw his plea or to vacate the judgment of conviction (*see People v Smith*, 48 AD3d 1171, *lv denied* 10 NY3d 964; *Bland*, 27 AD3d at 1052-1053). This case does not fall within the narrow exception to the preservation doctrine (*see People v Lopez*, 71 NY2d 662, 666; *Smith*, 48 AD3d at 1171).

Defendant failed to preserve for our review his further contention concerning the failure to comply with the procedural requirements set forth in CPL 400.21 (*see People v Pellegrino*, 60 NY2d 636, 637; *People v Vega*, 49 AD3d 1185, 1186, *lv denied* 10 NY3d 965). In any event, defendant waived strict compliance with the statute by

admitting his commission of the prior felony conviction in open court (*see Vega*, 49 AD3d at 1186; *People v Harris*, 233 AD2d 959, *lv denied* 89 NY2d 1094).

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  April 29, 2011                         Patricia L. Morgan
                                                Clerk of the Court