■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. STROLLO, Also Known as ROBERT STROLLO, Appellant. [967 NYS2d 862]—Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered January 11, 2012. The judgment convicted defendant, upon his plea of guilty, of failure to register a change of address.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Smith, J.P., Fahey, Carni, Valentino and Whalen, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS LANE, Appellant. [965 NYS2d 915]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 24, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that the waiver of the right to appeal is not valid, and he challenges the severity of the sentence. Although the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]), we conclude that the valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence because Supreme Court failed to advise defendant of the potential maximum term of incarceration (*see People v Newman*, 21 AD3d 1343, 1343 [2005]; *see generally People v Lococo*, 92 NY2d 825, 827 [1998]), and there was no specific sentence promise at the time of the waiver (*cf. People v Semple*, 23 AD3d 1058, 1059 [2005], *lv denied* 6 NY3d 852 [2006]). Nevertheless, we conclude that the sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Carni, Valentino and Whalen, JJ.