■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSEF PASHA, Appellant. [826 NYS2d 254]—

Judgment, Supreme Court, Bronx County (Joseph A. Fisch, J.), rendered July 29, 2004, convicting defendant, upon his plea of guilty, of two counts of attempted burglary in the third

degree, and sentencing him, as a second felony offender, to consecutive terms of 1½ to 3 years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal, which forecloses review of his excessive sentence claim. The court expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *compare People v Moyett*, 7 NY3d 892 [2006]). Were we to find otherwise, we would nevertheless find no basis for reducing the sentence. Our "disposition is based on the existence of an enforceable waiver," and, in the alternative, "on the merits of the defendant's appellate claims." (*People v Callahan*, 80 NY2d 273, 285 [1992].)

Regardless of whether the appeal waiver applies to defendant's pro se claim, we find that claim without merit. Concur—Tom, J.P., Saxe, Marlow, McGuire and Malone, JJ.