THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONDELL L. CALDWELL, Appellant. [895 NYS2d 905]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered July 17, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). We reject the contention of defendant that his waiver of the right to appeal was invalid. County Court "expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea" (*People v Pasha*, 36 AD3d 425, 426 [2007], *lv denied* 8 NY3d 989 [2007]). The contention of defendant with respect to his right to be pre-

sent at his suppression hearing is foreclosed by that waiver (*see People v Frazier*, 57 AD3d 1460 [2008], *lv denied* 12 NY3d 783 [2009]; *see generally People v Hansen*, 95 NY2d 227 [2000]; *People v Taylor*, 65 NY2d 1 [1985]). In any event, that contention is without merit because defendant signed a waiver pursuant to *People v Parker* (57 NY2d 136, 141 [1982]) during arraignment in which he waived his right to be present at, inter alia, "all hearings" (*see People v Lakatosz*, 59 AD3d 813, 814 [2009], *lv denied* 12 NY3d 917 [2009]; *cf. People v Chiarenza*, 163 AD2d 900 [1990], *lv denied* 76 NY2d 892 [1990]). Finally, although the waiver by defendant of the right to appeal does not encompass his further contention with respect to the severity of the sentence inasmuch as the court failed to specify the sentencing possibilities before defendant waived his right to appeal (*see People v Mingo*, 38 AD3d 1270 [2007]; *People v Wynn*, 262 AD2d 1052 [1999]), we conclude that the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.