People v Ealahan (2021 NY Slip Op 05438)





People v Ealahan


2021 NY Slip Op 05438


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


855 KA 19-01575

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LIAM EALAHAN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 3, 2019. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [4]), defendant contends that County Court erred in denying his request to charge assault in the third degree as a lesser included offense (§ 120.00 [3]). We reject that contention. Viewing the evidence in the light most favorable to defendant, as we must (see People v Rivera, 23 NY3d 112, 120-121 [2014]), we conclude that there is no reasonable view of the evidence that defendant "failed to perceive a substantial and unjustifiable risk [of physical injury] and therefore acted with criminal negligence when he chose to [brandish] a knife when a physical altercation with the [victim] was imminent" (People v Arzu, 240 AD2d 217, 217 [1st Dept 1997], lv denied 90 NY2d 938 [1997]). Indeed, the evidence established that, moments after he commenced a heated verbal exchange with the victim on the street at the end of defendant's shift as a chef, defendant reencountered the victim and, in response to the victim's stance suggesting that a physical altercation was imminent, brandished a particularly sharp, professional culinary knife that he meticulously maintained using a whetstone before leaving work, despite admittedly knowing that the victim was unarmed and that the culinary knife was readily capable of causing harm in these circumstances (see id.; cf. People v McIntosh, 162 AD3d 1612, 1613-1614 [4th Dept 2018], affd 33 NY3d 1064 [2019]).
Contrary to defendant's further contention, the sentence is not unduly harsh and severe. Finally, we note that the certificate of conviction and uniform sentence and commitment form incorrectly reflect that defendant was convicted of assault in the second degree under Penal Law § 120.05 (1), and they must therefore be amended to reflect that he was convicted under Penal Law § 120.05 (4) (see People v Martinez, 37 AD3d 1099, 1100 [4th Dept 2007], lv denied 8 NY3d 947 [2007]).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court