People v Zadul (2022 NY Slip Op 01672)





People v Zadul


2022 NY Slip Op 01672


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.


222 KA 20-01684

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRADLEY ZADUL, DEFENDANT-APPELLANT. 






J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN, FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered October 20, 2020. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). To the extent that defendant's contentions are not forfeited by his plea of guilty (see People v Leary, 70 AD3d 1394, 1395 [4th Dept 2010], lv denied 14 NY3d 889 [2010]; People v Jimenez, 277 AD2d 956, 956 [4th Dept 2000], lv denied 96 NY2d 784 [2001]), our review of them is precluded by defendant's valid waiver of the right to appeal (see People v Richardson, 173 AD3d 1859, 1860 [4th Dept 2019], lv denied 34 NY3d 953 [2019], reconsideration denied 34 NY3d 1081 [2019]; People v Caldwell, 71 AD3d 1515, 1515-1516 [4th Dept 2010], lv denied 15 NY3d 772 [2010]; People v Oliveri, 49 AD3d 1208, 1209 [4th Dept 2008]; People v Vega, 24 AD3d 1260, 1260 [4th Dept 2005], lv denied 7 NY3d 764 [2006]). We note only that the uniform sentence and commitment form erroneously reflects that defendant was convicted of criminal possession of a weapon in the second degree under Penal Law § 265.03 (2) and must be amended to reflect that he was convicted under Penal Law § 265.03 (3) (see People v Ealahan, 198 AD3d 1376, 1377 [4th Dept 2021], lv denied 37 NY3d 1096 [2021]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court