People v Martinez (2024 NY Slip Op 04827)

People v Martinez

2024 NY Slip Op 04827

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Ind No. 2116/18 72909/22 Appeal No. 2679-2679A Case No. 2022-02020 2022-05010 

[*1]The People of the State of New York, Respondent,
v
Derrick Martinez, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Molly Booth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Alvin Yearwood, J.), rendered May 6, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree under indictment No. 2116/18, and sentencing him, as a second felony offender, to a term of 3½ to 7 years; and judgment (same court, George Villegas, J.), rendered November 2, 2022, convicting defendant, upon his plea of guilty, of bail jumping in the second degree under indictment No. 72909/22, and sentencing him to a term of 1½ to 3 years, to run concurrently with the sentence under indictment No. 2116/18, unanimously affirmed.
Defendant's valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 560 [2019], cert denied 586 US __, 140 S Ct 2634 [2020]) forecloses review of both his Second Amendment challenge to his conviction and his excessive sentence claim (see People v Johnson, 225 AD3d 453, 454-455 [1st Dept. 2024]; People v Pasha, 36 AD3d 425 [1st Dept 2007], lv denied 8 NY3d 989 [2007]). In any event, defendant's Second Amendment claim is unpreserved because it was not raised before the trial court (see People v Cabrera, 41 NY3d 35 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that on the present record, defendant has not demonstrated that he has standing to challenge his weapon possession conviction (see People v Khan, 225 AD3d 552 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]), or that the statute is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]).
Defendant's contention that defense counsel was ineffective for failing to move for dismissal of the indictment on Second Amendment grounds "is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion" (People v Slade, 228 AD3d 439, 439 [1st Dept 2024]). To the extent that the issue can be resolved on this record, defendant fails to establish that his counsel was ineffective. We perceive no basis for reducing defendant's sentence. To the extent defendant is challenging his bail jumping conviction, it has been abandoned on appeal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024